UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | EDCV 23-02252-CAS (AS) | Date | December 7, 2023 |
| Title | *Stephen Martin Whitfield, Sr. v. Attorney General of the State of California* | | |

Present: The Honorable    Alka Sagar, United States Magistrate Judge

| Alma Felix | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not present | Not present |

**Proceedings (In Chambers):**     **Order to Show Cause Why the Petition Should Not Be Dismissed as Successive**

On October 23, 2023, Stephen Martin Whitfield, Sr. ("Petitioner"), a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254, challenging his 1991 conviction in Riverside County Superior Court.[1]  (Dkt. No. 1).  The Petition appears to be successive.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which applies here because the Petition was filed after AEDPA's effective date of April 24, 1996, prohibits a second or successive petition absent permission by the appropriate court of appeals.  28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); see also Burton v. Stewart, 549 U.S. 147, 152 (2007) (per curiam) (AEDPA states that "before filing [a second or successive habeas] application in the district court, a prisoner 'shall move in the appropriate court of appeals for an order authorizing the district court to consider the application'") (quoting 28 U.S.C. § 2244(b)(3)(A)); Tyler v. Cain, 533 U.S. 656, 661 (2001) ("AEDPA greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications.").  Thus, "[i]f [a] prisoner asserts a claim that he has already presented in a previous federal habeas petition,

---

[1] The Petition was filed in the United District Court for the Southern District of California, which subsequently transferred the case to this Court because the conviction being challenged occurred within the jurisdictional boundaries of the Central District of California, Eastern Division.  (See Dkt. No. 4); see also 28 U.S.C. § 2241(d); Braden v. 30th Jud. Cir. Ct. Ky., 410 U.S. 484, 497, 499 n.15 (1973).

CIVIL MINUTES - GENERAL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | EDCV 23-02252-CAS (AS) | Date | December 7, 2023 |
| --- | --- | --- | --- |
| Title | *Stephen Martin Whitfield, Sr. v. Attorney General of the State of California* | | |

the claim must be dismissed in all cases.  And if the prisoner asserts a claim that was <u>not</u> presented in a previous petition, the claim must be dismissed unless it falls within one of two narrow exceptions." [2]  <u>Tyler</u>, 533 U.S. at 661 (emphasis in original) (citation omitted).  However, "[e]ven if a petitioner can demonstrate that he qualifies for one of these exceptions, he must [still] seek authorization from the court of appeals before filing his new petition with the district court." <u>Woods v. Carey</u>, 525 F.3d 886, 888 (9th Cir. 2008).

Here, the Petition challenges a 1991 conviction which, as the Petition acknowledges, Petitioner previously challenged in a federal habeas petition which was denied on the merits.  (<u>See</u> Petition at 5; <u>see also</u> <u>Whitfield v. Prunty</u>, Case No. SACV 94-0867-LHM (EE) (C.D. Cal.)).[3] The instant Petition raises the following eight claims for relief: (1) the trial court denied due process by allowing evidence of blood-alcohol testing from improperly handled and stored blood; (2) appellate counsel provided constitutionally ineffective assistance by failing to raise various claims regarding trial errors, as well as ineffective assistance of trial counsel; (3) trial counsel provided constitutionally ineffective assistance by failing to object to various trial errors; (4) the trial court denied due process by not heeding appropriate evidentiary standards in allowing evidence of blood-alcohol testing from improperly handled blood; (5) the trial court denied due process by not holding a hearing under <u>People v. Marsden</u>, 2 Cal.3d 118, 122-24 (1970),[4] or informing Petitioner of its availability; (6) the trial court denied Petitioner's constitutional right to a speedy trial; (7) the trial court violated due process by failing to instruct the jury pursuant to CALJIC 4.35 ("Ignorance or Mistake of Fact") regarding the inconsistent evidence of blood-alcohol levels; (8) the trial court did not sentence Petitioner for second-degree murder on the

---

[2] "One of these exceptions is for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict.  The other is for certain claims relying on new rules of constitutional law." <u>Tyler</u>, 533 U.S. at 661-62 (citation omitted).

[3] Although Petitioner indicates that the prior petition was filed in the Southern District of California (<u>see</u> Petition at 5), it appears that it was filed and litigated in the Central District, albeit in the Southern Division.  A few years after that initial 1994 petition, Petitioner filed another federal habeas petition, in 1999, which the Court dismissed as successive (<u>see</u> <u>Whitfield v. Ratelle</u>, Case No. CV 99-1971-JSL (EE) (C.D. Cal.)), and a subsequent request to the Ninth Circuit for authorization to file a second or successive petition was denied that same year (<u>see</u> <u>Whitfield v. Ratelle</u>, Case No. 99-70384 (9th Cir.)).

[4] In California, a motion for substitute counsel is called a "<u>Marsden</u> motion." <u>Schell v. Witek</u>, 218 F.3d 1017, 1021 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | EDCV 23-02252-CAS (AS) | Date | December 7, 2023 |
|---|---|---|---|
| Title | *Stephen Martin Whitfield, Sr. v. Attorney General of the State of California* | | |

"lawful sentencing date," yet Petitioner is still serving a sentence for that crime.[5]  (Petition at 6-13).  Petitioner indicates that these claims differ from those raised in his prior federal habeas petition.  (Petition at 5).

Regardless of whether he raises new grounds for relief, the Petition appears subject to dismissal as a second or successive federal habeas petition.[6]  See Woods, 525 F.3d at 888 ("Generally, a new petition is 'second or successive' if it raises claims that were or could have been adjudicated on their merits in an earlier petition." (citation omitted)).  Unless Petitioner can demonstrate that the Petition is not successive – *i.e.*, that he did not previously challenge the same conviction in a federal habeas petition – his only recourse for seeking federal habeas relief is to first request and obtain permission from the Ninth Circuit to file a successive habeas petition challenging his 1991 conviction and sentence.  28 U.S.C. § 2244(b)(3)(A).  Based on the Court's review of the docket, Petitioner has neither requested nor received permission from the Ninth Circuit to file the Petition.

Accordingly, Petitioner is ORDERED TO SHOW CAUSE, within **twenty-one (21) days** of the date of this Order (by no later than **December 28, 2023**), why this action should not be dismissed without prejudice as successive.   Petitioner may satisfy this Order to Show Cause by filing a response and/or declaration setting forth any reason why the instant Petition is not barred as successive.  After the Court receives a response to the Order to Show Cause, it may prepare a

---

[5] It is unclear what Petitioner means in this last claim, but state court records reflect that Petitioner was indeed sentenced to fifteen years to life in prison for second-degree murder.  See People v. Whitfield, 16 Cal. App. 4th 1573, 15 Cal. Rptr. 2d 4, 6 (Ct. App. 1992), aff'd, 7 Cal. 4th 437 (1994).

[6] The Petition also appears likely to be untimely, as Petitioner was convicted over thirty years ago and filed his first federal habeas petition nearly thirty years ago.  However, because the bar on successive petitions is dispositive and would deprive this Court of jurisdiction, the Court will not address the apparent untimeliness of Petitioner's current claims at this juncture.  See Cooper v. Calderon, 274 F.3d 1270, 1275 n.3 (9th Cir. 2001) (expressly declining to address the timeliness of a petition upon affirming that the petition was successive); see also Fisher v. Clark, 2014 WL 1457816, at *2 (C.D. Cal. Apr. 14, 2014) ("[T]he Court need not resolve the timeliness issue because the petition is subject to dismissal without prejudice for lack of subject-matter jurisdiction[.]"); Adams v. Fox, 2016 WL 7742175, at *2 (D. Mont. Nov. 21, 2016) ("[W]hile timeliness could serve as a potential bar to this Court hearing the merits of [petitioner's] present claims, it is the successive nature of the petition which deprives this Court of jurisdiction."), report and recommendation adopted, 2017 WL 123732 (D. Mont. Jan. 12, 2017).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | EDCV 23-02252-CAS (AS) | Date | December 7, 2023 |
|---|---|---|---|
| Title | *Stephen Martin Whitfield, Sr. v. Attorney General of the State of California* | | |

Report and Recommendation for submission to the District Judge.  This Order is not dispositive of any of Petitioner's claims.

**If Petitioner no longer wishes to pursue this action, he may request a voluntary dismissal of this action pursuant to Fed. R. Civ. P. 41(a).  <u>A Notice of Dismissal form is attached for Petitioner's convenience.</u>  Petitioner, however, is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by the AEDPA, which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."**

**Petitioner is warned that the failure to timely file a response to this Order <u>may</u> result in a recommendation that this action be dismissed with prejudice for failure to prosecute and/or obey court orders.  <u>See</u> Fed. R. Civ. P. 41(b).**

**IT IS SO ORDERED.**

cc:    Christina A. Snyder
       United States District Judge

0        :   00
Initials of Preparer   AF